UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Martin Zaslov,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>DIRECTV, LLC; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Civil Action No.: _____ |

# COMPLAINT

Plaintiff, Martin Zaslov, says by way of Complaint against Defendant, DIRECTV, LLC, as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

3. The Plaintiff, Martin Zaslov ("Plaintiff"), is an adult individual residing in Clementon, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant DIRECTV, LLC ("DIRECTV"), is a New York business entity with an address of 2230 East Imperial Highway, El Segundo, California 90245, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by DIRECTV and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. DIRECTV at all times acted by and through one or more of the Agents.

## FACTS

7. On or around June 25, 2016, DIRECTV began placing calls to Plaintiff's cellular telephone, number 856-xxx-8968.

8. DIRECTV placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

9. When Plaintiff answered calls from DIRECTV, he heard silence and had to wait on the line to be connected to the next available representative.

10. Plaintiff does not have an account with DIRECTV.

11. Plaintiff has no business relations with DIRECTV and never requested by an agreement or otherwise that he be contacted.

12. Plaintiff never provided his cellular telephone number to DIRECTV and never provided his consent to DIRECTV to be contacted on his cellular telephone.

13. On July 14, 2016, Plaintiff spoke with DIRECTV in an effort to get the calls to stop. DIRECTV advised Plaintiff that it was calling him in an attempt to reach Olga Nelson, who is unknown to Plaintiff.

14. Plaintiff advised DIRECTV that he was being called in error and directed DIRECTV to remove his number from the account and to cease all communications with him.

15. Nevertheless, DIRECTV continued to place automated calls to Plaintiff.

**COUNT I**
**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227,** *et. seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephones using an ATDS or predictive dialer.

18. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

19. Defendants' telephone systems have some earmarks of a Predictive Dialer.

20. When Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

21. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

23. In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

24. Defendants contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

25. The telephone number called by Defendants was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

27. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

   A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

    C. Such other and further relief as may be just and proper.

**<u>TRIAL BY JURY DEMANDED ON ALL COUNTS</u>**

Dated: September 21, 2016

        Respectfully submitted,

        By: <u>/s/ Sofia Balile</u>

        Sofia Balile, Esq.
        Lemberg Law, LLC
        43 Danbury Road
        Wilton, CT 06897
        Phone: (917) 981-0849
        Fax:   (888) 953-6237